Scott P. Shaw, Bar No. 223592
  sshaw@calljensen.com
Deborah A. Gubernick, Bar No. 242483
  dgubernick@calljensen.com
Kevin P. Jackson, Bar No. 278169
  kjackson@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100

Attorneys for Plaintiff TapouT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAPOUT, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>MARK KOZLOWSKI dba TAPOUTLA, and DOES 1-10,<br><br>    Defendants. | Case No. 2:17-cv-06595<br><br>**COMPLAINT FOR:**<br><br>  1. **FEDERAL TRADEMARK INFRINGEMENT;**<br>  2. **CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT;**<br>  3. **COUNTERFEITING;**<br>  4. **CONTRIBUTORY INFRINGEMENT; AND**<br>  5. **UNFAIR COMPETITION**<br><br>**AND DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: None Set<br>Trial Date: None Set |

COMPLAINT

Plaintiff TAPOUT, LLC ("TapouT" or "Plaintiff") complains and alleges as follows:

## PRELIMINARY STATEMENT

1. TapouT was founded in 1997 as a mixed martial arts ("MMA") clothing brand, and has grown into a multinational company that designs and manufactures sports clothing, casual apparel and accessories.

2. TapouT's business growth coincided with the increased popularity of MMA in the United States, and by 2007, TapouT was the largest distributor of MMA merchandise in the world. TapouT sponsors numerous high-profile MMA athletes and events, providing its brands, logos and marks with global publicity and exposure.

3. TapouT capitalized on the value of its brand by licensing its trademarks to business partners, including fitness centers throughout the United States that provided MMA training and classes.

4. In 2010, pursuant to license agreement, Mark Kozlowski obtained a limited authorization to use the TapouT brand in connection with his "Tapout Training Center," a fitness studio in Los Angeles, California ("TapoutLA"). TapoutLA launched a website, www.tapoutla.com, which ubiquitously displays the TapouT marks, in an attempt to capitalize on TapouT's goodwill and success as an industry leader for MMA products, services and apparel.

5. In 2014, TapouT terminated its license agreement with Kozlowski, due to his failure to remit payments under the terms of the agreement, among other material breaches.

6. TapoutLA has continued to make unauthorized use of the TapouT trademarks, including the further operation of its domain (www.tapoutla.com) and offering the sale of counterfeit goods displaying TapouT's protected marks.

## PARTIES

7. TapouT, LLC is a Delaware limited liability company.

8. Mark Kozlowski is an individual, with an address at 3395 S. Jones Boulevard, Las Vegas, Nevada, 89146, and is doing business as TapoutLA, located at 400 W. Pico Boulevard, Los Angeles, California.

9. Mark Kozlowski is the registrant of the website, www.tapoutla.com.

10. Does 1-10 are persons or entities responsible, in whole or in part, for the wrongdoing alleged herein ("Doe Defendants"). TapouT is informed and believes, and based thereon, alleges that each of the Doe Defendants participated in, assisted, endorsed, or was otherwise involved in the acts complained of, and that they have liability for such acts. TapouT will amend this Complaint if and when the identities of such persons or entities, and their involvement becomes known.

11. Mark Kozlowski, TapoutLA, and the Doe Defendants and their agents, affiliates and other co-conspirators are collectively referred to as the "Defendants."

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over TapouT's Lanham Act claims pursuant to 5 U.S.C. Section 1121 and 28 U.S.C. Sections 1331 and 1338(a).

13. This Court has supplemental jurisdiction over TapouT's pendent state law claims pursuant to 28 U.S.C. Section 1367 that the state law claims are integrally related with TapouT's federal claims and arise from a common nucleus of operative facts such that the administration of TapouT's state law claims with its federal claims furthers the interests of judicial economy.

14. Venue in this District is proper pursuant to 28 U.S.C. Section 1391(b)(2) and 1400, because Defendants targeted their harm and injury to Plaintiff in this District. Defendants are operating a website and a fitness center that include explicit unauthorized use of Plaintiff's trademarked material, both of which websites are operating in and through this judicial district, targeting consumers in and through this district.

/ / /

/ / /



## FACTUAL ALLEGATIONS

15. Founded in 1997, TapouT is a mixed martial arts ("MMA") clothing brand, and has grown into a multinational company that designs and manufactures sports clothing, casual apparel and accessories.

16. TapouT's business growth coincided with the increased popularity of MMA in the United States, and by 2007, TapouT was the largest distributor of MMA merchandise in the world. TapouT sponsors numerous high-profile MMA athletes and events, providing its brands, logos and marks with global publicity and exposure.

17. TapouT capitalized on the value of its brand by licensing its trademarks to business partners, including fitness centers throughout the United States that provided MMA training and classes.

18. Dating back to 1999, TapouT has registered several domain names, including, www.tapout.com, www.tapoutfitness.com, www.buytapout.com, among others, and started using the websites associated therewith.

19. TapouT has invested substantial time, effort and expense in developing its website. TapouT uses its website as one of its primary marketing tools. Many of these websites also include authorized shopping channels for licensed TapouT products, and at least one of these websites, www.taboutfitness.com, lists licensed fitness centers as well as sells licensed services and products.

20. TapouT also owns federally registered trademarks for TapouT and multiple common law trademarks for the logos and designs used in its business, including those listed on **Exhibit A**.

21. By virtue of its longstanding use of its trademarks, TapouT has developed a reputation for quality and goodwill associated therewith.

22. In 2010, TapouT, through its Administrator of Licensing, entered into a License Agreement with "Killa, mx, LLC," a California limited liability company that Defendants' owned (the "License Agreement"), which provided Defendants' company a "limited, non-exclusive, non-assignable, non-transferable license to use the (TapouT

trademarks) in connection with the operation of one (1) mixed martial arts training facility" which was located at 400 W. Pico Boulevard in Los Angeles, California. No specific right for use of the TapouT trademark was granted for a domain name in the License Agreement.

23. In 2010, over fifteen years after TapouT first started using its website, Defendant Mark Kozlowski registered the domain name www.tapoutla.com. Attached as **Exhibit B** is a true and correct copy of the "Whois" ownership results for the www.tapoutla.com website.

24. On October 27, 2014, TapouT terminated the License Agreement for Defendants' failure to remit payments under the terms of the License Agreement, among other material breaches. Pursuant to Section 6.6 of the License Agreement, Defendants expressly agreed that within fourteen (14) days of such termination, they would cease all use of the TapouT trademarks "in connection with any signs, advertising, phone listings, business usage, and/or any other use whatsoever" and "expressly acknowledge(d) and agree(d) that upon termination . . . any and all rights granted to Licensee" would immediately revert to TapouT.

25. Defendants continue using TapouT's trademarks for Defendants' own use and commercial gain. Further, Defendants continue to trade off of the TapouT name by operating the "Tapout Fitness Center," using the moniker "TapoutLA." The website for the Tapout Fitness Center remains www.tapoutla.com.

26. In August 2016, TapouT filed a complaint against Kozlowski with the World Intellectual Property Organization pursuant to the Uniform Domain Name Dispute Resolution Policy ("UDRP"). Among other things, the Panel found that the disputed domain name (www.tapoutla.com) is confusingly similar to the TaopuT mark.

27. In a continued effort to wrongfully profit from the TapouT brand and goodwill, Defendants launched a Twitter account in January 2017 using the handle "@TapoutLAWorld." This account is in addition to the account launched in November

1 2013 using the handle "@OwnerTapoutLA." Both Twitter accounts prominently
2 feature displays of the TapouT trademark.

3     28. By virtue of making unauthorized use of TapouT's trademarked and
4 common law trademark logos and designs, Defendants have manifested a knowing and
5 deliberate attempt to capitalize off of TapouT's valuable reputation and goodwill.

6     29. A small sample of Defendants' infringement is provided below.



30. Additional examples of Defendants' infringement is easily detected by comparing **Exhibit C** (from www.tapoutla.com) with TapouT's trademarked logos and designs reflected in **Exhibit D**.

31. This is not a case where the infringement is merely likely or possible; this is a case where the infringement is blatant and obvious.

32. Moreover, Defendants' continued infringement after notice demonstrates Defendants' willful intent and total disregard for Plaintiff's rights. Plaintiff sent Defendants a cease and desist letter on or about July 20, 2017, delivery of which was confirmed, but Defendants ignored Plaintiff's demands and never responded. A true and correct copy of the cease and desist letter is attached as **Exhibit E**.

33. Accordingly, Defendants must be enjoined from using the www.tapoutla.com website and the TapouT trademarks, images and content therein.

## FIRST CAUSE OF ACTION

### (Infringement of Registered Trademarks, 15 U.S.C. § 1114 – Against All Defendants)

34. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 33, inclusive, and incorporates them as though fully set forth by this reference herein.

35. Defendants have, without Plaintiff's consent, used and/or intend to use in commerce TapouT's marks in connection with the sale, offering for sale, distribution, and/or advertising of Defendants' goods or services.

36. Defendants' infringing materials constitute a copy or colorable imitation of the TapouT marks.

37. Defendants' unauthorized use of the TapouT's marks is likely to cause confusion, or to cause mistake, or to deceive.

38. Defendants' infringement of the TapouT's marks was willful.

///

## SECOND CAUSE OF ACTION

**(California Common Law Trademark Infringement – Cal. Bus. & Prof. Code Section 14200, *e. seq.* – Against All Defendants)**

39. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 38, inclusive, and incorporates them as though fully set forth by this reference herein.

40. Plaintiff uses multiple unique logos and design marks, functioning as a source identifier for TapouT's products and services, affording TapouT common law rights thereto.

41. Plaintiff's use of these logos and images predates Defendants' use.

42. Defendants' use of identical logos and images is likely to cause confusion as to Plaintiff's association, affiliation, sponsorship or endorsement of Defendants and their services and/or products.

43. As a direct and proximate result of Defendants' infringement of Plaintiff's common law trademarks, Plaintiff has suffered, and will continue to suffer, loss of income, profits and goodwill, and Defendants have and will continue to be unjustly enriched by acquiring income, profits and goodwill to which they are not entitled.

44. Unless restrained, Defendants will continue the acts and conduct set forth in this cause of action to Plaintiff's great and irreparable injury, for which damages will not afford adequate relief. Plaintiff is therefore entitled to an injunction ordering Defendants to cease and desist from its use of the identical logos and images used by Defendants in www.tapoutla.com and any other unauthorized uses related to Defendants' business.

45. Defendants committed their wrongful acts willfully after actual and constructive notice of Plaintiff's rights. Defendants' conduct therefore justifies an award of exemplary damages.

/ / /

/ / /

## THIRD CAUSE OF ACTION

**(Federal Trademark Counterfeiting, 15 U.S.C. § 1114 – Against All Defendants)**

46. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 45, inclusive, and incorporates them as though fully set forth by this reference herein.

47. This is an action for trademark counterfeiting against the Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of products bearing counterfeits of one or more of the TapouT marks.

48. Specifically, Defendants are selling, offering for sale and distributing products bearing counterfeits of the TapouT marks. The Defendants are continuously infringing and inducing others to infringe the TapouT marks.

49. Defendants' counterfeiting activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and general consuming public as to the origin and quality of Defendants' goods.

50. If left unrestrained, Defendants will continue the acts and conduct set forth in this cause of action to Plaintiff's great and irreparably injury, for which damages will not afford adequate relief. Plaintiff is therefore entitled to an injunction ordering Defendants to cease and desist causing the unauthorized use of Plaintiff's trademarks.

## FOURTH CAUSE OF ACTION

**(Unfair Business Practices, Cal. Bus. & Prof. Code Section 17200, *et seq*.)**

51. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 50 inclusive, and incorporates them as though fully set forth by this reference herein.

52. Defendants' marketing, selling and offering services and products identified by using Plaintiff's trademarks, confusing consumers as to the source thereof, constitutes unlawful, unfair or fraudulent business acts or practices within the meaning of California Business and Professions Code Section 17200, in that: 1) such use

infringes Plaintiff's rights; 2) such use is an effort to intentionally pass off its services and products as Plaintiff's services and products, to capitalize on Plaintiff's reputation and goodwill, and 3) Defendants create confusion as to whether Plaintiff's services and products are Defendants' services and products, inhibiting Plaintiff's ability to control its own reputation.

53. Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's unfair competition in the form of damage to its goodwill, lost sales and other actual damages.

54. The harm to Plaintiff and to members of the general public outweighs the utility of Defendants' business practices.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. That Defendants each be held to have infringed Plaintiff's trademarks;

2. That Defendants be held to have committed acts of unfair competition under California statutory law;

3. That judgment be entered for Plaintiff against Defendants for Plaintiff's actual damages according to proof, and for any additional profits attributable to Defendants' infringement of Plaintiff's trademarks;

4. That Plaintiff be awarded all profits of Defendants, plus all losses of Plaintiff, plus any other monetary advantage gained by Defendants through their infringement, the exact sum to be proven at the time of trial;

5. That Plaintiff be awarded its attorney's fees and costs of suit;

6. That Plaintiff be awarded pre-judgment interest on all amounts claimed as permitted by law; and

7. That Plaintiff be awarded temporary and permanent injunctive relief:

a. Enjoining Defendants to cease and desist use of the infringing website, www.tapoutla.com;

  b. Ordering Defendants to transfer the www.tapoutla.com website to Plaintiff's control to prevent further infringement and to restore Plaintiff's ability to control the prolific infringement displayed therein;

  c. Ordering Defendants to engage in corrective advertising to restore, to the fullest extent possible, the value of Plaintiff's trademarks;

  d. Ordering Defendants to make an accounting of all profits earned through the www.tapoutla.com website;

  e. Ordering restitution and disgorgement of Defendants' profits unjustly obtained through infringement of Plaintiff's rights; and

  f. Punitive, statutory or exemplary damages, including, but, not limited to, additional damages to the fullest extent allowable by law as a result of Defendants' willful conduct; and

  g. Such other, further and different relief as the Court may deem proper under the circumstances.

Dated: September 6, 2017   CALL & JENSEN
                A Professional Corporation
                Scott P. Shaw
                Deborah A. Gubernick
                Kevin P. Jackson

                By: */s/ Scott P. Shaw*
                   Scott P. Shaw

                Attorneys for Plaintiff TapouT Inc.

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues raised in the Complaint.

Dated: September 6, 2017

CALL & JENSEN
A Professional Corporation
Scott P. Shaw
Deborah A. Gubernick
Kevin P. Jackson

By: */s/ Scott P. Shaw*
Scott P. Shaw

Attorneys for Plaintiff TapouT Inc.