| Case No. | CV 17-6595 PA (JCx) | Date | January 19, 2018 |
|---|---|---|---|
| Title | Tapout, LLC v. Mark Kozlowski, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – ORDER TO SHOW CAUSE

  Before the Court is an Answer filed by defendant Mark Kozlowski dba TapoutLA ("Defendant"). Default was entered against Defendant on October 16, 2017. (Docket No. 15.) Despite this default, on October 20, 2017, Defendant, appearing pro se, filed a letter with the Court in an attempt to respond to this suit. (See Docket No. 16.) The Court ordered the letter stricken from the record, informed Defendant that he could not appear or present evidence because he had defaulted, told Defendant that he could file a motion to set aside default, and included a list of lawyer referral and/or legal services agencies Defendant may wish to consult. (Docket No. 20.) Plaintiff then moved for default judgment on December 15, 2017. (Docket No. 22.) On January 16, 2018, the Court received the instant Answer from Defendant.

  Factors the Court should consider in evaluating a motion for entry of default judgment include the following: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

  On the other hand, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Court may decline to set aside an entry of default if: (1) the moving party's own culpable conduct led to the default; (2) the nonmoving party would be prejudiced by setting aside the default; or (3) the moving party has no meritorious defense. See TCI Grp. Life Ins. Plan v. Knoebber (TCI), 244 F.3d 691, 696 (9th Cir. 2001), overruled in part on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 121 S. Ct. 1322, 149 L. Ed. 2d 264 (2001); Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000); Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988). "A motion to set aside a default may be denied if any one factor goes against the defendant, but it would still be within a district court's discretion to grant the motion." Yagman v. Galipo, No. CV 12-7908, 2013 WL 1287409, at *9 (C.D. Cal. Mar. 25, 2013) (emphasis omitted) (citing Brandt v. Am. Bankers Ins. Co., 653 F.3d 1108, 1112 (9th Cir. 2011)). "Where timely relief is sought from a default and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside default so that cases may be decided on their merits." Mendoza v. Wight Vineyard Mgmt., 783 F.2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-6595 PA (JCx) | Date | January 19, 2018 |
|---|---|---|---|
| Title | Tapout, LLC v. Mark Kozlowski, et al. | | |

941, 945–46 (9th Cir. 1986). "Judgment by default is a drastic step appropriate only in extreme circumstances . . . ." United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)).

      While Defendant has not filed a proper motion to set aside default, his filings evidence his intent to defend against this action. Pro se parties are required to comply with the Court's orders, the Local Rules, and the Federal Rules of Civil Procedure; however, they should be treated with leniency in considering compliance with the technical rules. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir. 1986) (holding that pro se litigants are "expected to abide by the rules of the court in which [they] litigate[]"); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986) (treating pro se litigant "with great leniency" when evaluating compliance with the technical rules of civil procedure).

      In light of Defendant's pro se status and efforts to participate in this action, as well as the preference for judgments on the merits rather than by default, the Court orders Plaintiff to show cause, in writing, on or before February 2, 2018, why Defendant's default should not be set aside. If Plaintiff fails to respond to this Order on or before February 2, 2018, the Court will set aside Defendant's default.

      IT IS SO ORDERED.